```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**SEKOU MUATA IMANI,**

    **Plaintiff,**
 vs.            Civil Action 2:14-cv-1358
                Judge Frost
**WARDEN, NOBLE CORRECTIONAL**   Magistrate Judge King
**INSTITUTION,** *et al.*,

    **Defendants.**

<u>ORDER AND</u>
<u>REPORT AND RECOMMENDATION</u>

Plaintiff, a state inmate currently incarcerated in the Ross Correctional Institution ("RCI"), brings this action under 42 U.S.C. § 1983 for injunctive and monetary relief in connection with disciplinary proceedings against him and his subsequent transfer from the Noble Correctional Institution ("NCI").  This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

Plaintiff complains that he was charged with three (3) rules infractions by defendant Inspector Aufdinkampe,[1] was denied requested legal materials for 33 days by defendant Librarian Hupp and was wrongfully convicted of those charges by the Rules Infraction Board panel, defendants Lt. Burghy and C.O. Griffin.  Plaintiff also asserts a claim against defendant NCI Warden Buchanan in connection with the latter's denial of plaintiff's appeal from his convictions.

---

[1] Plaintiff alleges that he was charged with establishing an improper relationship with an employee, engaging in sexual contact with an employee and attempting to procure or introduce drugs into a corrections facility. *Complaint,* PageID# 20.

1

Plaintiff complains that he was convicted of the rules infractions based only on "hearsay," *i.e.*, the testimony of defendant Aufdinkampe, *Complaint*, PageID# 23, that he was denied the opportunity to call witnesses to testify at the disciplinary hearing, *id.*, and that the delay in responding to plaintiff's request for a copy of the "Administrative Rules," the "rule book of the Ohio State Supreme Court," and "copies made from motions I had to send to an attorney," id. at PageID# 22, prohibited plaintiff from "making a fair, solid, defense" at the disciplinary hearing, *id.*, and resulted in an attorney declining to assist plaintiff in a case.[2] *Id.*

**Claims Arising from Prison Disciplinary Proceedings**

Plaintiff asserts claims arising out of the disciplinary proceedings against him. Prison disciplinary proceedings do not give rise to a constitutionally protected liberty interest unless it affects the duration of the prisoner's confinement, or unless the restrictions impose "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The *Complaint* refers to plaintiff's placement in segregation and it appears that plaintiff was later transferred to RCI. However, neither of these facts constitute events or conditions that give rise to constitutional protections. *Sandin* (A 30-day placement in disciplinary segregation did not suffice to implicate a protected liberty interest); *Meachum v. Fano*, 427 U.S. 215, 228 (1976)(A prisoner does not have a liberty interest in transfer from

---

[2] It appears that plaintiff was pursuing state post-conviction proceedings in anticipation of a federal habeas corpus case. *Complaint*, PageID# 22.

2

one prison to another non-maximum security prison).

In any event, the *Complaint* fails to state a claim based on a denial of procedural due process in connection with plaintiff's conviction of a rules infraction. "[T]he requirements of due process are satisfied if **some** evidence supports the decision by the prison disciplinary board. . . ." *Superintendent, Massachusetts Correctional Institution at Walpole v. Hill*, 472 U.S. 445, 455 (1985)(emphasis added). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. Plaintiff's own allegations confirm that his convictions were based on some evidence, *i.e.*, the testimony of defendant Aufdinkampe. The fact that plaintiff disagrees with that evidence is of no constitutional import.

## Claims Arising from Alleged Delay in Providing Legal Materials and Copies

Plaintiff complains that, because defendant Hupp delayed for 33 days plaintiff's request for a copy of certain rules and regulations and copies of motions filed in the Ohio Supreme Court, he was prejudiced in defending against the disciplinary charges against him and in obtaining counsel to assist him in his state court action. The First Amendment to the United States Constitution guarantees to inmates a right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 346 (1996); *Bounds v. Smith,* 430 U.S. 817 (1977); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). However, the right relates only to challenges to the inmate's conviction or sentence or

to challenges to the conditions of confinement.  *Lewis*, 518 U.S. at 355. Because the *Complaint* appears to allege that defendant Hupp's delay in providing certain materials prejudiced plaintiff in his ability to pursue state court post-conviction proceedings, the Court concludes that, at this juncture, plaintiff's First Amendment claim may proceed.

It is therefore **ORDERED** that, at this juncture, the claim against defendant Hupp for alleged denial of plaintiff's right of access to the courts may proceed.[3] If plaintiff provides a copy of the *Complaint*, a summons and a Marshal service form for this defendant, the United States Marshals Service is **ORDERED** to effect service of process, by certified mail, on this defendant, who shall have forty-five (45) days after service to respond to the *Complaint*.

It is **RECOMMENDED** that the claims against defendants Aufdinkampe, Burghy, Griffin and Buchanan arising out of the disciplinary proceedings against plaintiff be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections

---

[3] The Court expresses no opinion as to whether plaintiff properly exhausted his administrative remedies in connection with this claim.  *See* 42 U.S.C. § 1997e(a).

must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

        *s/Norah McCann King*
        Norah M<sup>c</sup>Cann King
        United States Magistrate Judge

DATE: August 25, 2014