UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SEKOU MUATA IMANI,**

      **Plaintiff,**        Case No. 2:14-cv-1358
                                                  JUDGE GREGORY L. FROST
    v.                               Magistrate Judge Norah McCann King

**WARDEN, NOBLE CORRECTIONAL
INSTITUTION, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's August 25, 2014 Order and Report and Recommendation (ECF No. 5) and Plaintiff's objections (ECF Nos. 7-1 & 7-2). Plaintiff, Sekou Muata Imani, is an inmate incarcerated at Ross Correctional Institution who initiated the present action against multiple defendants. In his objections, Plaintiff argues that the Magistrate Judge erred in recommending that the Court should dismiss Plaintiff's claims against Defendants Aufdinkampe, Burghy, Griffin, and Buchanan under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which this Court can grant relief. Plaintiff objects to this recommendation.

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The claims at issue involve prison disciplinary proceedings related to three rule infractions of which Plaintiff was convicted. The Magistrate Judge explained that the

1

proceedings did not give rise to a constitutionally protected liberty interest because they neither affected the duration of Plaintiff's confinement nor imposed atypical and significant hardships on him.  Additionally, the Magistrate Judge explained that because Plaintiff's own factual allegations indicate that his convictions were based on some evidence, the process satisfied the applicable due process requirements and therefore failed to present a procedural due process claim.  (ECF No. 5, at Page ID # 58-59.)

In his objections, Plaintiff disputes the Magistrate Judge's analysis and asserts that his disciplinary-related claim is focused not on his being placed in segregation, but on a state actor bringing false charges against him and fabricating evidence.  The Magistrate Judge's focus on the need for a deprivation of a liberty interest or increased duration of confinement is correct, however, and points to the flaw in Plaintiff's claim regardless of how he characterizes its focus. *See Carver v. Mich. Dep't of Corr.*, No. 1:14-cv-171, 2014 WL 2780024, at *6-7 (W.D. Mich. June 19, 2014).  The Court agrees with the Magistrate Judge that dismissal of the disciplinary-proceedings component of Plaintiff's complaint is warranted.

This leaves Plaintiff's claim against Defendant Hupp, which involves the alleged delay in providing Plaintiff with various legal materials.  The Magistrate Judge recommended that this claim proceed.  Although Plaintiff discusses this claim in his objections, it does not appear to this Court that he actually objects to the Magistrate Judge's characterization of this claim or her recommendation.  This Court recognizes that there are two factual components to the claim—one involving the alleged prejudice related to the disciplinary proceedings and one involving the alleged prejudice related to the state court proceeding—and that the Report and Recommendation does not make distinct recommendations for each factual component.  Such specificity is not necessarily warranted on an initial screen, however; what is necessary is

determining whether a *claim* may proceed as opposed to every factual allegation underlying that claim.  Plaintiff has asserted facts sufficient to enable his claim against Defendant Hupp to survive the initial screening.  Subsequent motions practice can test the distinct factual components of the overarching claim.  The claim can therefore proceed, and the Court joins the Magistrate Judge in expressing no opinion on whether Plaintiff has properly exhausted his administrative remedies in connection with this claim.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF Nos. 7-1 & 7-2), **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation (ECF No. 5), and **DISMISSES** the claims against Defendants Aufdinkampe, Burghy, Griffin, and Buchanan arising out of the disciplinary proceedings.  The claim against Defendant Hupp remains pending, and the Court agrees with the Magistrate Judge's Order regarding service.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　/s/ Gregory L. Frost
　　　　　　　　　　　　　　　　　　　　GREGORY L. FROST
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE