```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


SEKOU MUATA IMANI,

                Plaintiff,
      vs.                                Civil Action 2:14-cv-1358
                                         Judge Frost
                                         Magistrate Judge King

WARDEN, NOBLE CORRECTIONAL
INSTITUTION, et al.,

                Defendants.
```

## REPORT AND RECOMMENDATION

Plaintiff Sekou Muata Imani, a state inmate currently incarcerated at the Ross Correctional Institution, filed this action under 42 U.S.C. § 1983 for injunctive and monetary relief in connection with disciplinary proceedings against him and his subsequent transfer from the Noble Correctional Institution ("NCI"). This Court previously dismissed all of plaintiff's claims except plaintiff's First Amendment claim for denial of access to the courts, asserted against defendant Julie Hupp. *Order*, ECF 14; *Order and Report and Recommendation*, ECF 5. This matter is now before the Court on *Defendant Julie Hupp's Motion for Summary Judgment* ("*Defendant's Motion*"), ECF 19, and *Plaintiff's Response*, ECF 21. For the reasons that follow, it is **RECOMMENDED** that *Defendant's Motion* be **GRANTED**.

I. Background

Defendant Hupp is identified in the *Complaint* as the librarian at NCI. *Complaint*, ECF 4, PAGEID# 44. Plaintiff alleges that, beginning on September 13, 2013, he requested a copy of "the Adm. Rules" as well

as "the rule book of the Ohio State Supreme Court and to have some copies made from motions I had to send to an attorney . . . ." *Id*. at PAGEID# 44-45. "[A]fter 33 days she complied with my request." *Id*. at PAGEID# 45. *See also Defendant's Motion*, Exhibit A at p. 5 ("[S]he brought me what I asked for on 10.21.13 (33 days) well after the fact."). Because of her alleged failures, plaintiff alleges, he missed Ohio Supreme Court filing deadlines and "the attorney declined to take my case. . . ." *Id*. Plaintiff also alleges that, because he had no access to "the Adm. Rules" at his prison disciplinary hearing, he was "unable to cite specific errors from the Adm. Rules and was prohibited from making a fair, solid, defense." *Id.*

Plaintiff filed this action on August 18, 2014. In it, plaintiff alleges that defendant Hupp violated his "rights to access the Administrative Rules" and violated his "rights to counsel and access to the courts." *Id*. at PAGEID# 44.

**II. Standard**

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury

2

could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, summary judgment is appropriate if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, the non-moving party must support the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1).

In ruling on a motion for summary judgment "'[a] district court is not . . . obligated to wade through and search the entire record

for some specific facts that might support the nonmoving party's claim.'" *Gover v. Speedway Super Am., LLC*, 284 F. Supp. 2d 858, 862 (S.D. Ohio 2003) (quoting *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id. See also* Fed. R. Civ. P. 56(c)(3).

### III. Discussion[1]

The *Complaint* alleges that plaintiff requested a copy of the Ohio Administrative Rules and of the rules of practice for the Supreme Court of Ohio, and copies of motions previously filed by him in lower state courts, but that defendant Hupp did not provide the requested materials for 33 days. Plaintiff argues that this delay violated his First Amendment right of access to the courts.

The First Amendment to the United States Constitution guarantees to inmates a right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 346 (1996); *Bounds v. Smith,* 430 U.S. 817 (1977); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). Although the Constitution assures "adequate, effective, and meaningful" access, *Bounds*, 430 U.S. at 822, the right is not unlimited. Rather, the

---

[1] Defendant Hupp contends, *inter alia*, that plaintiff's remaining claims cannot proceed because he failed to exhaust his available administrative remedies as to these claims prior to instituting the action. *Defendant's Motion*, PAGEID# 218-22 (citing 42 U.S.C. § 1997e(a)). The evidence presented by the parties in support of and against this contention is both ambiguous and contested. Because *Defendant's Motion* can be resolved without consideration of this evidence, the Court will not further address this contention.

4

right secured by the Constitution relates only to challenges to the inmate's conviction or sentence or to challenges to the conditions of confinement.  *Casey*, 518 U.S. at 355.  *See also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) ("Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only.").  In order to prevail on a § 1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct.  *Casey*, 518 U.S. at 352-53; *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Here, plaintiff alleges that he was denied access to the courts because defendant Hupp waited 33 days to deliver the legal materials requested by plaintiff.  Plaintiff alleges that he "requested the rules to the Ohio Supreme Court" for the following reason: "I had other arguments I needed to exhaust before I went into federal court and I was looking for direction as to how to consolidate all my arguments in one brief." *Complaint*, PAGEID# 45.  Plaintiff conceded on deposition that that he had already filed a memorandum in support of jurisdiction with the Ohio Supreme Court when he requested the copy of the rules from defendant, but he explained that he needed the rules in order to determine how to supplement his memorandum in support of jurisdiction.  *Deposition of Sekou Muata Imani* ("*Imani Deposition*"), ECF 18-1, PAGEID# 180-83.

The Ohio Supreme Court does not ordinarily permit the supplementation of jurisdictional statements. *See* Ohio S.Ct.Prac.R. 7.01(A)(1) (titled "Time to file and documents required"), 7.04(A)(1)

5

("Except as provided in S.Ct.Prac.R. 3.13, jurisdictional memoranda shall not be supplemented."), 7.04(C) ("The Clerk of the Supreme Court shall refuse to file supplemental or reply memoranda received for filing in violation of this rule . . . ."). Even assuming that plaintiff would have been permitted to amend or supplement his jurisdictional memorandum with the Supreme Court, however, plaintiff has not established that defendant Hupp's alleged delay in providing the rules and copies of previous motions caused a litigation-related injury to him. Notably, plaintiff received the materials requested by him no later than October 27, 2013. *See Defendant's Motion*, Exhibit A at pp. 5 ("I filed an Informal Complaint, then she brought me what I asked for on 10.21.13 (33 days) well after the fact."); 10 ("Copies were taken to Seg. on 10/27/13."). The Supreme Court of Ohio declined jurisdiction in plaintiff's criminal appeal on December 24, 2013. *Defendant's Motion*, Exhibit B. Thus, plaintiff had approximately two months after defendant provided the materials requested by him in which to seek leave to supplement his jurisdictional memorandum. Plaintiff does not explain why he could not supplement his jurisdictional memorandum during that time, nor is it apparent how any delay in providing the requested materials caused the Ohio Supreme Court to decline jurisdiction in his criminal case. Simply put, plaintiff has produced no evidence, nor has he even argued, that defendant's alleged conduct resulted in a "litigation-related detriment." *See Pilgrim,* at 416.

Plaintiff also seems to argue that the alleged delay in producing the administrative rules denied him his right of access to the courts

6

because, without the rules, he could not adequately defend himself at the prison disciplinary hearing.  *See Plaintiff's Response*, PAGEID# 256; *Imani Deposition*, PAGEID# 184-85.  However, the First Amendment right of access **to the courts** does not extend to prison RIB hearings. *See Casey*, 518 U.S. at 355; *Thaddeus-X*, 175 F.3d at 391. *But see Watson v. Tennessee Dept. of Correction,* 2014 WL 4402084, *3 (W.D. Tenn. Sept. 5, 2014). In any event, however, plaintiff offers no evidence that defendant Hupp's alleged failure to timely provide a copy of the prison administrative rules resulted in any actual prejudice to him.

Plaintiff "also asks this Court to dismiss this summary judgment due to the fact that [he] asked for complete discovery twice and failed to receive it." *Plaintiff's Response*, p. 2.  Plaintiff specifically contends that he needs transcripts from his RIB hearings and emails from Lieutenant Burghy to defendant Hupp in order to "prove[] Ms. Hupp has been not truthful in regards to the dates she was notified and also when she complied." *Id*. at p. 3.  The discovery sought by plaintiff would not, however, create a genuine issue of material fact because, as discussed *supra*, plaintiff has offered no evidence that defendant Hupp's conduct caused a court-related injury.

In short, plaintiff has not raised a genuine issue of material fact and defendant Hupp is entitled to judgment as a matter of law on plaintiff's remaining claims of denial of access to the courts in violation of the First Amendment.[2]  It is therefore **RECOMMENDED** that

---

[2] Plaintiff also argues that defendant Hupp's alleged delay in providing him a copy of the administrative rules violated his Fourteenth Amendment right to procedural due process because he was unable to adequately defend himself

7

*Defendant Julie Hupp's Motion for Summary Judgment*, ECF 19, be **GRANTED.**

### IV.  Procedure on Objections

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

August 24, 2015                                          *s/Norah McCann King*
                                                         Norah M$^c$Cann King
                                                         United States Magistrate Judge

---

during a hearing before the Rules Infraction Board ("RIB") at NCI.  *See Plaintiff's Response*, pp. 2-4.  However, this Court previously dismissed plaintiff's procedural due process claims arising from the disciplinary proceedings.  *Opinion and Order*, ECF 14; *Order and Report and Recommendation*, ECF 5.